UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

BRITTANY C.[1],                          )
                                         )
                    Plaintiff,           )
                                         )
            v.                           )        No. 3:25-cv-00217-MPB-CSW
                                         )
FRANK BISIGNANO Commissioner of          )
Social Security,                         )
                                         )
                    Defendant.           )

**REPORT AND RECOMMENDATION ON
APPROPRIATE DISPOSITION OF THE ACTION**

This matter is before the Honorable Crystal S. Wildeman, United States
Magistrate Judge, pursuant to an Entry Referring Matter to Magistrate Judge, to
conduct and issue a report and recommendation regarding the appropriate
disposition of this matter.  (Dkt. 11).  Claimant, Brittany C., seeks judicial review of
the Social Security Administration's ("SSA") decision denying her applications for
Social Security Disability Insurance Benefits ("DIB") and Supplemental Security
Income ("SSI") benefits.  (Dkt. 1).  For the following reasons, the Magistrate Judge
recommends the Commissioner's decision be **AFFIRMED.**

## I.    BACKGROUND

On July 10, 2022, Claimant filed her application for DIB, alleging disability
beginning August 1, 2021.  (Dkt. 13 at 2). Following a hearing before Administrative
Law Judge ("ALJ") Kevin R. Martin, the ALJ issued an unfavorable decision on

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the
recommendation of the Court Administration and Case Management Committee of the
Administrative Office of the United States Courts, the Southern District of Indiana has opted to use
only the first name and last initial of non-governmental parties in its Social Security judicial review
opinions.

November 18, 2024. (Dkt. 10 at 8–28).  Claimant's applications were denied initially and on reconsideration.  (Dkt. 13 at 2).

The ALJ applied the five-step sequential evaluation process to determine whether Claimant met the standard for "disabled" as defined under the Social Security Act.  (Dkt. 10 at 13; R. 12).

In his decision, the ALJ found:

- At Step One, Claimant has not engaged in substantial gainful activity since August 1, 2021, the alleged onset date.  (20 CFR 404.1571, and 416.971).  (*Id*.).

- At Step Two, Claimant had the following severe impairments: severe impairments: degenerative disc disease; migraine headaches; obesity; generalized anxiety disorder; panic disorder; and depression (20 CFR 404.1520(c) and 416.920(c)).  (*Id*. at 14; R. 13).

- At Step Three, Claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (*Id*.).

- After Step Three but before Step Four, Claimant had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally climb ramps and stairs, but should never climb ladders, ropes, or scaffolding. She can occasionally balance, stoop, kneel, crouch, and crawl. She needs to avoid concentrated exposure to loud noise and bright lights such as direct sunlight. She is able to understand, remember, and carry out simple instructions for simple, repetitive tasks on a sustained basis.  (*Id*. at 19, R. 18).

- At Step Four, the Claimant was unable to perform any past relevant work.  (*Id*. at 26; R. 25).

- At Step Five, the ALJ noted that considering the Claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.  (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).  (*Id*. at 27; R. 26).

Ultimately, the ALJ concluded Claimant was not disabled as defined in the Social Security Act.  (Dkt. 10 at 28; R. 27).  The Appeals Council denied Claimant's request for review on August 1, 2025.  (Dkt. 13 at 2).  On October 4, 2025, Claimant filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the denial of benefits.  (Dkt. 1).

## II.    STANDARD OF REVIEW

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 587 U.S. 97, 98 (2019).  Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring the ALJ applied the correct legal standards, and that substantial evidence exists for the ALJ's decision.  *Stephens*, 888 F.3d at 327.  "[S]ubstantial evidence" is such relevant "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154).  "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327.  Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)).  The Court does "determine whether the ALJ built an 'accurate and logical bridge' between the evidence and the conclusion." *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (quoting *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014)).

The SSA applies a five-step evaluation to determine whether the claimant is disabled. *Stephens*, 888 F.3d at 327 (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4)).  The ALJ must evaluate the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted).[2] "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four.  Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009).  In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.*  The ALJ uses the RFC at Step Four to determine whether the claimant can perform her past relevant work and, if not, at Step Five to determine whether the claimant can perform other work.  *See* 20 C.F.R. § 416.920.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Stephens*, 888 F.3d at 327.  When an ALJ's decision does not apply the correct legal standard,

---

[2] The Code of Federal Regulations contains separate, parallel sections concerning SSI and disability insurance benefits ("DIB"), which are identical in most respects. Cases may reference the section pertaining to DIB, such as in *Clifford*, which cites 20 C.F.R. § 404.1520.  227 F.3d at 868.  Generally, a verbatim section exists establishing the same legal point with both types of benefits. *See, e.g.*, 20 C.F.R. § 416.920.  The Court will usually not reference the parallel section but will take care to detail any substantive differences applicable to the case.

a remand for further proceedings is usually the appropriate remedy. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). Typically, a remand is also appropriate when the decision is not supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). "An award of benefits is appropriate only where all factual issues have been resolved and the 'record can yield but one supportable conclusion.'" *Id.* (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)). The substantial evidence standard of review "is light" and "deferential." *Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024); *Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021).

III.   **DISCUSSION**

Substantial evidence supports the ALJ's conclusions regarding Claimant's ability to perform sedentary work and the ALJ's Step Five conclusion regarding the number of jobs in the national economy that Claimant could perform.

Claimant contends the ALJ failed to account for her work absences due to migraines when formulating Claimant's RFC. (Dkt. 13 at 7). An ALJ "is not required to make explicit off-task findings in every case." *Nicholas J. v. Bisignano*, No. 3:25-cv-00040-RLY-CSW, 2026 WL 654252, at *7 (S.D. Ind. Mar. 9, 2026). Instead, an ALJ is "only required to incorporate limitations that [he or] she found supported by the evidence." *Alvarado v. Colvin*, 836 F.3d 744, 751 (7th Cir. 2016). The RFC fully accounts for Claimant's migraines, as supported by the record. The Court declines Claimant's invitation to reweigh the evidence.

Additionally, the ALJ properly evaluated the number of jobs in the national economy that Claimant could perform and was not required to inquire further regarding the regional breakdown of those jobs. At Step Five, the Commissioner has the burden to show the Claimant "can perform some other kind of substantial gainful employment that exists in adequate numbers in the national economy." *Kasarsky v. Barnhart*, 335 F.3d 539, 543 (7th Cir. 2003). The ALJ considers testimony from a vocational expert and poses hypothetical questions to the vocational expert that reflect the claimant's RFC. *See id.* In this case, vocational

expert Patricia Murphy testified regarding the number of jobs in the national economy for an individual with Claimant's RFC.  (Dkt. 10-2 at 11, 27; R. 10, 26).  Nothing more was required.

### A. RFC FINDING

Substantial evidence supports the ALJ's RFC assessment.  (Dkt. 10-2 at 19; R. 18).  Claimant contends the ALJ failed to account for her work absences due to migraines when formulating Claimant's RFC.  (Dkt. 13 at 7).  However, it is the claimant's burden to "establish not just the existence of the conditions, but to provide evidence that they support specific limitations affecting her capacity to work."  *Weaver v. Berryhill*, 746 F. App'x 574, 579 (7th Cir. 2018).  To merit remand, a claimant "must point to evidence compelling the conclusion that the adverse disability decision lacks substantial support in the record."  *Morales v. O'Malley*, 103 F.4th 469, 470 (7th Cir. 2024).  Claimant did not provide evidence at the administrative level indicating that her migraines occurred at a work-preclusive frequency and severity, nor has she identified evidence compelling a different conclusion at this level of review.  The medical record and reviewing physicians' opinions supported the ALJ's RFC finding of sedentary work with restrictions for light and noise exposure.  (Dkt. 10-2 at 19).

While Claimant contends the ALJ's environmental limitations for light and noise were "disconnected from . . . the ALJ's recounting of [Claimant's] migraine history, (Dkt. 13 at 6), the ALJ cited to medical evidence of record that specifically identified photophobia[3] and phonophobia[4] as "associated symptoms" of Claimant's migraines.  (Dkts. 10-2 at 21; 10-7 at 148).

Additionally, the ALJ was not required to make off-task findings regarding Claimant's potential work absences.  *See Alvarado* 836 F.3d at 751; *see also Combs v. Kijakazi*, 69 F.4th 428, 436 (7th Cir. 2023) ("the claimant has the burden of

---

[3] Photophobia is defined as an "intolerance to light."  *Photophobia*, MERRIAM WEBSTER, https://www.merriam-webster.com/dictionary/photophobia (last visited June 1, 2026).

[4] Phonophobia is defined as "an intolerance of or hypersensitivity to sound."  *Phonophobia*, MERRIAM WEBSTER, https://www.merriam-webster.com/dictionary/phonophobia (last visited June 1, 2026).

showing that his or her absenteeism would be unacceptable to an employer and render the claimant unemployable.").  While Claimant contends the ALJ erred by failing to account for her potential to miss work, the ALJ was not required to infer a work absence limitation, and the Claimant did not prove the potential for absences was altogether work-preclusive.  Thus, the ALJ properly considered the medical evidence and reasonably concluded that a work absence limitation was unsupported.

Therefore, while Claimant may disagree with the ALJ's overall assessment of the medical evidence, she fails to identify any evidence that was overlooked or omitted in the analysis that would warrant a remand.

### B. STEP FIVE ANALYSIS

Additionally, substantial evidence supports the ALJ's Step Five finding that a significant number of jobs existed in the national economy for Claimant's RFC. Claimant argues that 28,000 jobs in the national economy is not significant and that the ALJ should have inquired further about the regional breakdown of those jobs.  (Dkt. 13 at 8–11).  Here, the Commissioner satisfied his Step Five burden of identifying a significant number of jobs in the national economy that Claimant could perform and the made such conclusion in reliance on the vocational expert's testimony.

Claimant contends "'significant' job numbers requires a definition."  (Dkt. 16 at 7).  In support of her argument, Claimant cites to several cases and contends that our Circuit "has generally recognized that more than a thousand jobs in a metropolitan area represent a significant number of jobs."  (Dkt. 13at 8-9). However, Claimant also concedes that "the Seventh Circuit has been more evasive about a threshold with national numbers but has found that at least on the basis of a specific 'record, a reasonable person would accept 89,000 jobs in the national economy as being a significant number.'"  (*Id.*), quoting *Milhem v. Kijakazi*, 52 F.4th 688, 696 (7th Cir. 2022).

Claimant's argument for a definition of "significant" is unsupported. This Court noted that it was "loath to define a hard number . . . [for significance] if Congress and the Commissioner have not." *Schadenfroh v. Colvin*, No. 1:13-CV-00223-SEB, 2014 WL 1260123, at *11 (S.D. Ind. Mar. 27, 2014). In declining to set a threshold number for significance, this Court emphasized that the parties were "left to argue only the numbers that have been found to be significant in other decisions." *Id.*

Additionally, this Court explained that "neither the Social Security Act nor the Commissioner's regulations or rulings provide any definition, standard, or formula for significance, or a threshold number for significance." <u>*Id.*</u>; *see also Kuhn v. Kijakazi*, No. 22-1389, 2022 WL 17546947, at *2 (7th Cir. Dec. 9, 2022) (quoting *Milhem at* 695 (rejecting a claimant's argument for a significance standard because "'[i]t is within the ALJ's discretion to determine whether jobs exist only in very limited numbers. This determination does not depend upon the establishment of a standard for significance.'"). Thus, the ALJ concluded in accordance with *Schadenfroh* and *Kuhn*.

Claimant further argues the ALJ should have addressed whether or how many of the 28,000 jobs existed in her region. The controlling statute provides no such requirement. 42 U.S.C. § 423(d)(2)(A) states:

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); *see also* 20 C.F.R. § 404.1566. The statute defines work in the national economy as either the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A); *see also Herrmann v. Colvin*, 772 F.3d 1110, 1114 (7th Cir. 2014) ("if there is a substantial number of such jobs in the

nation, the applicant's claim fails, no matter how few there are in his locality or region."). Accordingly, the Commissioner's Step Five burden is satisfied if he shows a significant number of jobs exist in the nation that a claimant can perform, not just in a claimant's state or region. The Commissioner did so here.

## IV.    CONCLUSION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** the ALJ's decision be **AFFIRMED.**

You are hereby notified the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Any Party shall have fourteen (14) days from the date of service to file written objections to this Report and Recommendation.

**SO RECOMMENDED** this 2nd day of June 2026.

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

**Distributed electronically to all ECF-registered counsel of record.**